## UNITED STATES v. HUGHES et al.

### SAME v. FLOOD.

### Nos. 4778, 4783.

District Court, S. D. Texas, Houston Division.
Feb. 16, 1932.

H. M. Holden, U. S. Atty., and Albert Thomas, Asst. U. S. Atty., both of Houston, Tex.

D. A. Simmons, Lewis Fogle, A. J. Eastham, Cole, Cole, Patterson & Kemper, and W. A. Combs, all of Houston, Tex., for defendants Hughes and Jackson.

A. M. Waugh, of Houston, Tex., for defendant Flood.

KENNERLY, District Judge.

These cases were separately tried before the court (a jury having been waived), but, the questions being similar, they may be discussed together.

1. Taking up first the case against Hughes and Jackson. The indictment against them charged a violation of section 336, title 18, USCA (Criminal Code, § 213) and is the same as was discussed in opinion in this case on motion to quash. (D. C.) 53 F.(2d) 387. It was shown by the government that the defendants Hughes and Jackson, doing business under the name of Southern Marriage Endowment. Association, deposited in, and used the United States Mail to carry, various letters, papers, etc., concerning such association and its business. Such association issued policies of marriage insurance to its members, agreeing to pay the insured, upon his marriage, a sum or sums of money named in the policy, out of a fund accumulated, or to be accumulated, by assessments levied against, and paid by, other members of the association. The plan was similar to that of assessment plan life insurance companies, or fraternal orders, where, upon the death of a member, assessments are levied against, and paid by, the surviving members, and applied to the death claim. There is no dependable evidence that any policy was issued to a member and made payable upon the marriage of a person other than such member, except that in some instances a policy was issued to a member payable upon his marriage, or upon the marriage of the person to whom he was at the time engaged to be married. In fact, the government showed, by the former secretary of one of the defendants, that no other kinds of policies were ,issued. So that there is not presented by the evidence the question of the issuance of policies payable upon the marriage of persons in whom the insured had no insurable interest, and upon whose marriage the insured wished to gamble (United States v. Hughes et al., supra), but the sole and only question is whether defendants, conducting a marriage insurance concern in the manner stated, have violated said section 336. My conclusion is that they have not.

Much of the evidence offered by the government seems to be upon the theory of a violation by defendants of section 338, title 18, USCA (Criminal Code § 215), respecting the use of the mails to promote frauds.. But the defendants were not indicted under that statute. I do not wish to be understood as holding that the business conducted by the defendants was economically sound. I do not think it was. The holding is only that under the wording of the policies issued, and under their plan of doing business, Hughes and Jackson are not guilty of violating section. 336, under which they were indicted.

2. The indictment against Flood is likewise under section 336. Flood did business under the name of Southwestern Marriage Endowment Association, and in like manner, used the mails. In the Flood case, the government undertook to show that his concern, though purporting to be operated along the general plan of Hughes' and Jackson's concern, was in fact operated by Flood as a lottery or gambling concern. One or two witnesses testified that they had taken out policies of insurance on persons in whom they had no insurable interest, and with whom, in some instances, they were not even acquaint-

ed, but the policies themselves were not produced and offered in evidence by the government, nor was their nonproduction accounted for and secondary evidence of their contents offered. In other instances, policies of insurance were offered, but without evidence as to the insurable interest, or the relations of the parties named therein. There was no evidence that the policies were the same or similar to those not produced. The government offered a former agent of the concern, who testified that to his knowledge no policies were issued by the concern payable upon the marriage of persons other than the insured. Flood himself testified, on direct examination, to the same effect, but on cross-examination testified that there may have been isolated cases where policies were issued payable upon the marriage of persons other than the insured, but no effort was made by the government to identify such cases. While there is a strong suspicion to the contrary, taken as a whole, the evidence that Flood's concern was operated as a gambling concern falls far short of being of that convincing nature necessary to convict. It follows that Flood must be found not guilty for the violation of section 336, under which he was indicted.